IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff ) | |
| v. ) | C05-4087DEO |
| DALE A. HAHN, ) | |
| MACS CHEV.-PONT., INC. ) | |
| Defendant ) | |

**JUDGMENT AND DECREE OF FORECLOSURE**

This matter is before the Court on Plaintiff's Motion for Default Judgment. The Court finds no genuine issue of material fact exists herein which would give rise to a valid defense on behalf of any of the Defendants. Further, Plaintiff is entitled to judgment as a matter of law. The Motion for Default is granted.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED:

1. The Court has jurisdiction over all parties, the defendants Dale A. Hahn and Macs Chev.-Pont., Inc. having been properly served, and the defendants Dale A. Hahn and Macs Chev.-Pont., Inc. being in default, the Motion for Default Judgment is granted.

2. The Court finds that there exists no genuine issue of material fact and that Plaintiff is entitled to judgment as a matter of law.

3. Judgment is hereby rendered *in rem* against the mortgaged premises (described below) and *in rem* and *in personam* against Defendant Dale A. Hahn, affecting his interest in the mortgaged premises, and to the extent an in personam

1

judgment is entered against a defendant all other property, for the total sum of $47,474.11 principal and $2,238.42 interest as of April 19, 2005, plus interest accruing thereafter at a rate of $7.6518 per day to this date totalling $ 1,186.03----, plus costs of this action in the total amount of $333.17($150.00 costs of court, $105.00 abstract continuation fee. $78.17 costs for service of complaints), and statutory interest after judgment.

4. Plaintiff's mortgage is hereby established and declared to be first, superior and paramount lien on the real estate described below. All the rights, title and interest, claims and liens in and to the real property which the defendants claim or may have therein, whether the rights, title, interest, claims or liens be legal or equitable, are hereby decreed to be subsequent, inferior and junior to the right, title, interest, claims and lien of the plaintiff.

5. Plaintiff's mortgage is hereby foreclosed for the full amount of the Judgment. This Judgment is decreed to be a lien on the mortgaged property from February 5, 2003. Defendants and all persons claiming by, through, and under them are barred and foreclosed from all rights, title and interest in the real property with no post sale right of redemption.

6. A Writ of Special Execution shall issue against the following real property situated in Crawford County, Iowa:

> Lots Three (3), Four (4) and Five (5) in Block Twelve (12),
> City of Charter Oak, Crawford County, Iowa

Under the Writ of Special Execution, the United States Marshal for the Northern District of Iowa or his representative is commanded to sell the real property in aid and

enforcement of the claim, rights and Judgment of the plaintiff at public sale in accordance with 28 U.S.C. §§ 2001-2003. The sale shall be subject to any unpaid real property taxes or special assessments.

7. The United States Marshal shall give public notice of the time and place of the sale in the manner provided by law, and the publication shall be in a regularly issued newspaper of general circulation within Crawford County, Iowa, published once a week at least four (4) weeks prior to the sale.

8. If the plaintiff shall be the successful bidder at the sale, the United States Marshal may take the receipt of the plaintiff in lieu of cash payment.

9. The United States Marshal shall make and execute to the purchaser at the sale a Certificate of Purchase, stating the price thereof, and shall deliver same to the purchaser and also make report of the sale to this Court.

10. If the property is purchased by a bid other than that of the plaintiff, after deducting the costs of the sale from the proceeds thereof, the Marshal shall deposit the proceeds with the Clerk of Court pending confirmation of the sale and direction by the Court as to payment of the proceeds.

11. If the sale is confirmed by this Court, there being no right of redemption, a Marshal's Deed shall issue forthwith to the purchaser at the sale, or his heirs, representatives, or assigns, and possession of the premises sold shall be given to the holder of the Deed. If the holder of the Deed is denied possession, a Writ of Assistance may issue out of this Court upon the filing of a proper Praecipe and without further order of this Court. The Writ shall be issued to place the holder of the deed in the peaceable possession of the real property.

12. Out of the proceeds arising from the sale there will be satisfied in the following order as far as the same shall be sufficient:

    a. The costs of the sale and of this action;

    b. Plaintiff's *in rem* Judgment against the property and *in rem* and *in personam* judgment against Defendant Dale A. Hahn;

    c. The balance thereof, if any, to be brought into the Court to await further order.

13. To the extent a deficiency judgment exists on an *in personam* judgment after the aforementioned application of sale proceeds, the Court retains jurisdiction to allow plaintiff to pursue collection in accordance with the law.

Dated: September 23, 2005

                                                               DONALD E. O'BRIEN, Senior Judge
                                                               UNITED STATES DISTRICT COURT

Filed By:
U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA

Copies mailed/faxed to counsel of record, pro se parties and others listed here:

Copy to Pro Se Defendants on 09/23/05 by kfs